UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-651-CAS | | Date | December 16, 2013 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Terrance Mann |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSE DAVID VILLA | X | X | | 1) PEDRO CASTILLO | X | X | |
| 2) HARLOW ROBLES | X | X | | 2) ANTONIO YOON | X | X | |

Proceedings: DEFENDANT VILLA'S MOTION FOR RETURN OF PROPERTY (Dkt. #53, filed Nov. 22, 2013)

## I. INTRODUCTION AND BACKGROUND

On July 11, 2012, a grand jury charged defendants Jose David Villa ("Villa") and Harlow Robles ("Robles") with multiple offenses related to narcotics and firearms. Dkt. #14. The indictment charged Villa with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); two counts of distribution of at least five grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (counts two and three); four counts of distribution of at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts four through seven); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count eight). Id. Robles is charged only in count one and counts four through seven of the indictment. Id.

Robles filed a motion for return of property on November 22, 2013. Dkt. #53. The government filed an opposition on December 12, 2013. Dkt. #77. No replies have been filed. The Court held a hearing on December 16, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**II.    DISCUSSION**

Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful search and seizure of property . . . may move for the property's return." If such a motion is made while an investigation is pending, the movant bears the burden of proving that "the seizure was illegal and that [he] is entitled to lawful possession of the property." United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). "Generally, a [motion under this rule] is properly denied if . . . the government's need for the property as evidence continues." United States v. Tabati, 2013 WL 2040428, at *2 (C.D. Cal. May 14, 2013) (quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).

Robles requests that the government return a laptop computer, a hard-drive, a T-mobile phone, and all other personal items which are not needed for trial. Mot. Return Property 3-4. These items were seized when federal agents executed a search warrant at Robles' residence. Id. at 3. According to Robles, he requires the laptop to access school projects that are needed to complete his college degree. Id. at 3. Additionally, he states that the mobile phone contains telephone numbers of friends as well as pictures of his father, who recently passed away. Id. Robles states that he is prepared to stipulate that any evidence gathered from his phone would not be subject to any authentication objections. Id. at 4. The government represents that this property "may, and in some cases certainly does, contain evidentiary value." Opp. Mot. Return Property 1-2. At the hearing, however, the government stated that it was prepared to return Robles' computer and the separate hard drive, after the parties agree on a procedure for delivering the property to a person designated by Robles. The government stated that Robles' mobile phone contained evidence, and therefore could not be returned prior to trial.

**III.    CONCLUSION**

In accordance with the foregoing, the Court GRANTS IN PART Robles' motion for return of property as to the laptop computer and separate hard drive. The parties shall meet and confer to discuss the procedures for effectuating the return of this property. Robles' motion is otherwise DENIED, without prejudice to being renewed after the trial in this matter.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Deputy Clerk | | | CMJ |