UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-651-CAS | | Date | Dec. 16, 2013 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Terrance Mann |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSE DAVID VILLA | X | X | | 1) PEDRO CASTILLO | X | X | |
| 2) HARLOW ROBLES | X | X | | 2) ANTONIO YOON | X | X | |

Proceedings:   DEFENDANTS' MOTION TO SEVER (Dkt. #56, Filed Nov. 22, 2013 and Dkt #62, Filed Nov. 27, 2013)

## I.   INTRODUCTION AND BACKGROUND

On July 11, 2012, a grand jury charged defendants Jose David Villa ("Villa") and Harlow Robles ("Robles") with multiple offenses related to narcotics and firearms. Dkt. #14. The indictment charged Villa with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); two counts of distribution of at least five grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (counts two and three); four counts of distribution of at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts four through seven); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count eight). Id. Robles is charged only in count one and counts four through seven of the indictment. Id.

Robles filed a motion to sever his trial from that of Villa's on November 22, 2013. Dkt. #56. Villa filed a notice of joinder in the motion on November 27, 2013. Dkt. #62. The government filed an opposition on December 9, 2013. Dkt. #72. No replies have been filed. The Court held a hearing on December 16, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Defendants argue that their trials should be severed because the jury may be unable to compartmentalize the evidence admissible against Robles from the evidence admissible only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

against Villa, such as Villa's prior criminal convictions. Mot. Sever at 3-4. The government responds that severance is not appropriate here because defendants have not established that severance is necessary to preserve a specific right or to avoid prejudice that outweighs the presumption in favor of joint trials. Opp. Mot. Sever 3-9.

      The Court agrees, and accordingly finds that severance is not warranted here. Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). "Rule 8(b) is construed liberally in favor of joinder." United States v. Baker, 10 F.3d 1374 (9th Cir. 1993); see also United States v. Fernandez, 388 F.3d 1199, 1241 n. 27 (9th Cir. 2004) (noting that Baker's discussion of the legal principles governing severance remains good law even though the precedential effects of its other holdings is unclear). "In determining whether two or more offenses are part of the same series of acts or transactions constituting an offense . . . this court looks for a logical relationship between the offenses." United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999). "Such a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy." Id. at 976; see also United States v. Jenkins, 633 F.3d 788, 807 (9th Cir. 2011) (noting that joinder is "particularly appropriate" if defendants are charged with conspiracy).

      Even if joinder is proper under Rule 8(b), Federal Rule of Criminal Procedure 14 allows for the severance of trials "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. Proc. 14. "It is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted." United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (citations omitted). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 504 U.S. 534, 539 (1993).

      Here, joinder is appropriate under Federal Rule of Criminal Procedure 8(b) because the indictment charges both defendants with engaging in a conspiracy to distribute methamphetamine. See Dkt. #14; Jenkins, 633 F.3d at 807. Additionally, the individual counts of methamphetamine distribution as well as the firearm possession count contained in the indictment are part of the same transaction as the conspiracy charge because they are alleged to be overt acts committed in furtherance of the alleged conspiracy. See dkt. #14 at 2-11; Sarkisian, 197 F.3d at 975. Regarding severance, the Court finds defendants' argument that the jury may find Robles "guilty by association" based on evidence presented against Villa to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

speculative.[1]  Defendants have not set forth any specific facts to establish a "serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence."  See Zafiro, 504 U.S. at 539.  Therefore, defendants have not overcome the presumption that any prejudice resulting from a joint trial can be cured by appropriate limiting instructions.  See United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) ("The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge.").

### III. CONCLUSION

Accordingly, the Court DENIES defendants' motion to sever.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|

Initials of Deputy Clerk    CMJ

---

[1] If it appears at trial that there is a potential for confusion regarding the legal effect of defendant Villa's prior convictions, or any other evidence, the Court will entertain a request for a limiting instruction.