UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-651-CAS | | Date | December 16, 2013 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Terrance Mann |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSE DAVID VILLA | X | X | | 1) PEDRO CASTILLO | X | X | |
| 2) HARLOW ROBLES | X | X | | 2) ANTONIO YOON | X | X | |

**Proceedings:**  DEFENDANTS' MOTION TO EXCLUDE EVIDENCE UNDER FRE 403 (Dkt. #54, Filed Nov. 22, 2013; and Dkt. #63, Filed Nov. 27, 2013)

DEFENDANT ROBLES' MOTION TO EXCLUDE EVIDENCE UNDER FRE 404(b) (Dkt. #55, Filed Nov. 22, 2013)

## I.    INTRODUCTION AND BACKGROUND

On July 11, 2012, a grand jury charged defendants Jose David Villa ("Villa") and Harlow Robles ("Robles") with multiple offenses related to narcotics and firearms.  Dkt. #14.  The indictment charged Villa with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); two counts of distribution of at least five grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (counts two and three); four counts of distribution of at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts four through seven); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count eight).  Id.  Robles is charged only in count one and counts four through seven of the indictment.  Id.

Robles filed a motion to exclude evidence pursuant to Federal Rule of Evidence 403 on November 22, 2013.  Dkt. #54.  Villa filed a notice of joinder in the motion on November 27, 2013.  Dkt. #63.  The government filed an opposition on December 9, 2013.  Dkt. #71.  On November 22, 2013, Robles filed a motion to preclude the government from introducing "other acts" evidence pursuant to Federal Rule of Evidence 404(b).  Dkt. #55.  The government filed an opposition on December 9, 2013.  Dkt. #73.  No replies have been filed for either motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

The Court held a hearing on December 16, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

### A.    Motion to Exclude Evidence Pursuant to Rule 403

Defendants state that the government may seek to introduce evidence regarding Robles' alleged gang ties, as well as evidence of a conversation between Villa and confidential informant regarding Robles and Villa "having killed together." Dkt. #54 at 3-4. They argue that this evidence would be irrelevant and unfairly prejudicial. Id. (citing Fed. R. Evid. 402, 403). Defendants also request that the government advise them of what evidence it intends to introduce at trial so that a hearing can be held to determine its admissibility in light of this motion.

The government responds that this motion is premature because it has not yet determined the evidence that it intends to offer at trial. Dkt. #71 at 3. The government represents, however, that, at the present time, it does not intend to seek to admit evidence of defendants' gang affiliation at trial. Id. Nor has the government provided notice that it intends to seek to admit Rule 404(b) evidence.

In light of the fact that the government does not presently seek to admit evidence of defendants' gang affiliation at trial, that portion of defendants' motion is DENIED without prejudice as moot. The Court CONTINUES the hearing on the remainder of this motion until the final status conference/motions in limine hearing set for **January 13, 2014, at 1:30 pm**.

### B.    Motion to Preclude Evidence Pursuant to Rule 404(b)

Robles states that he believes the government may seek to introduce evidence of his prior criminal convictions during its case in chief. Robles seeks to preclude the government from introducing such evidence pursuant to Federal Rule of Evidence 404(b). Dkt. #55 at 3. The government responds that it is not currently aware of any "other acts" evidence that would be properly admitted during its case in chief, and does not presently intend to seek the introduction of any such evidence. Dkt. #73 at 2-3. Additionally, the government stated at the hearing that it has not provided notice of its intent to introduce such evidence at trial. However, the government represents that, should it obtain evidence of acts that allow it to "complete the story" of defendant's crimes, it will seek the introduction of such evidence. Id. at 2-3.

In light of the government's representation that it does not currently intend to introduce any "other acts" evidence, the portion of Robles' motion seeking the preclusion of same is DENIED without prejudice as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

Robles notes in a footnote that his prior convictions do not involve crimes of dishonesty, and therefore would not provide a proper basis for impeachment under Federal Rule of Evidence 609 if he elects to testify. Dkt. #55 at n.1. The government responds that it will seek to cross examine Robles regarding his prior felony convictions pursuant to Rule 609 if he chooses to testify. Dkt. #73 at 2-3. It is unclear from Robles' motion whether he intends, at this juncture, to seek an order from this Court precluding the government from using his prior convictions for impeachment under Rule 609.

To the extent that Robles is seeking such an order in this motion, the Court CONTINUES the hearing on that portion of the motion until the final status conference/motions in limine hearing set for **January 13, 2014, at 1:30 pm**.

IT IS SO ORDERED.

00 : 05

Initials of Deputy Clerk    CMJ