UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-651-CAS | | Date | December 16, 2013 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Terrance Mann |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSE DAVID VILLA | X | X | | 1) PEDRO CASTILLO | X | X | |
| 2) HARLOW ROBLES | X | X | | 2) ANTONIO YOON | X | X | |

Proceedings:   DEFENDANT VILLA'S MOTION FOR DISCOVERY (Dkt. #64, Filed Nov. 27, 2013)

## I.  INTRODUCTION AND BACKGROUND

On July 11, 2012, a grand jury charged defendants Jose David Villa ("Villa") and Harlow Robles ("Robles") with multiple offenses related to narcotics and firearms.  Dkt. #14.  The indictment charged Villa with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); two counts of distribution of at least five grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (counts two and three); four counts of distribution of at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts four through seven); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count eight).  Id.  Robles is charged only in count one and counts four through seven of the indictment.  Id.

Villa filed a motion for discovery on November 27, 2013.  Dkt. #64.  The government filed an opposition on December 9, 2013.  Dkt. #70.  Villa filed a reply on December 12, 2013.  Dkt. #80.  Robles also joined in the motion on that date.  Dkt. #78.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

## II.     DISCUSSION

### A.     Discovery Related to the Government's Confidential Informant

Villa requests that the government be ordered to disclose the identity of its confidential informant, along with any information relevant to the impeachment of the informant (including, but not limited to, criminal history, benefits conferred by the government, and prior false statements), Brady and Giglio materials from other law enforcement agents who have used this informant,[1] and a list of all cases on which the informant has worked.  Mot. Discovery 4-10. Villa argues that these disclosures are necessary for his preparation of an entrapment defense based on the informant's actions.  Id. at 3-4.

At the hearing, the government stated that it was concerned for the safety of its confidential informant based on the past criminal history of defendants.  However, the government stated that it would provide discovery related to the confidential informant according to the following schedule:

Discovery materials redacted to conceal the confidential informant's identity will be produced on or before **December 20, 2013**.

Discovery materials that include the confidential informant's identity will be produced beginning on **January 3, 2014**, contingent on the parties' agreeing to a protective order limiting disclosure of the confidential informant's identity to defense counsel, and not defendants themselves.

Based on the foregoing, it is hereby ordered that discovery materials be provided to defendants in accordance with the schedule set forth above.  Furthermore, the parties are ordered to make arrangements to have the aforementioned protective order in place on or before **December 27, 2013**.

### B.     Discovery Related to Law Enforcement Officers Who Will Testify at Trial

Villa requests impeachment information with regard to all law enforcement agents that will testify at trial, including information from the agents' personnel files pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  Mot. Discovery 11.  The government does not respond to this request in its opposition.

---

[1] As an exemplar of the relief Villa now seeks, he appends to his motion as Exhibit C a copy of an order issued by Judge Marshall in a different case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The record before the Court is insufficient to rule on this request at this time. Accordingly, the Court hereby CONTINUES the hearing on this motion until the final status conference in this matter on **January 13, 2014, at 1:30 pm**.

### C.    Disclosure of Grand Jury Testimony

Villa requests that the government be ordered to turn over a transcript of the grand jury proceedings that resulted in the indictment in this case. Mot. Discovery 10-11. While Villa is entitled to receive the grand jury testimony of government witnesses who will testify at trial, see 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2, he has not set forth a "particularized need" justifying disclosure of other parts of the transcript, see United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986). Villa's sole basis for seeking the whole transcript is that he has no way of determining if misconduct occurred before the grand jury unless he is able to examine the transcript. Mot. Discovery 10-11. That basis is insufficient. See United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987) ("It is not sufficient for [the defendant] to assert that he has no way of knowing whether prosecutorial misconduct occurred.").

Accordingly, the Court DENIES Villa's request for disclosure of the transcript of the grand jury proceedings, except as to the testimony of government witnesses who will testify at trial.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |